## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 15 2015, 8:14 am

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Ariel Kennedy,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 15, 2015

Court of Appeals Case No.
49A02-1501-CR-003

Appeal from the Marion Superior
Court, Criminal Division 7

Cause No. 49G07-1408-CM-038551

The Honorable David E. Cook,
Judge

**Friedlander, Judge.**

[1] Ariel Kennedy appeals her conviction for Battery Resulting in Bodily Injury,[1] a class A misdemeanor. She presents the following issue for review: Did the State present sufficient evidence to support the conviction?

[2] We affirm.

[3] On August 6, 2014, Courtney Walker was riding on a city bus when Kennedy boarded and sat across the aisle about eight feet from him. Walker observed what he believed to be unusual behavior by Kennedy while he continued listening to his music. At some point during the ride, Walker stated out loud, "this must be some-some lesbian stuff". *Transcript* at 7. This statement upset Kennedy, so she texted her mother.

[4] A few stops later, Kennedy's mother, Audrita, boarded the bus and sat with Kennedy. Audrita eventually told Walker to remove his headphones, and she demanded to know what he had said to her daughter. After indicating that her daughter was a lesbian, Audrita pushed Walker's face toward the window and started hitting him. Kennedy joined in on the attack, as Audrita pulled out a metal spoon and began striking him on the head with it. Kennedy used her fists to hit Walker on the head. The beating continued until the bus driver stopped the bus and a passenger intervened. Walker sustained injuries and lacerations to his head. Kennedy and Audrita were arrested as they exited the bus.

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

[5] At the bench trial in this case, Walker testified to the events as set forth above. Audrita then testified on Kennedy's behalf. She admitted that after having a verbal altercation with Walker, she (Audrita) punched and then struck him in the head with a spoon.[2] Audrita testified that Kennedy never touched Walker. Kennedy also testified consistently with her mother.

[6] At the conclusion of the evidence, the trial court expressly found credible Walker's testimony that Kennedy struck him several times in the face. Accordingly, the court found Kennedy guilty of battery.

[7] On appeal, Kennedy invokes the incredible dubiosity rule in arguing that the State failed to present sufficient evidence. Kennedy directs us to the probable cause affidavit in which Walker "stated the order of events differently." *Appellant's Brief* at 6. We observe, however, both in his report to police and his trial testimony, Walker consistently indicated that Kennedy punched him and Audrita attacked him with a spoon.

[8] Our Supreme Court has recently reiterated the limited scope of the incredible dubiosity rule, which requires that there be: "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Moore v. State*, 27 N.E.3d 749, 756 (Ind. 2015). While the standard is not impossible to meet, it is difficult and "one that requires great ambiguity and inconsistency in the

---

[2] Audrita pleaded guilty prior to Kennedy's trial.

evidence." *Id.* (quoting *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001)). In other words, the sole witness's testimony "must be so convoluted and/or contrary to human experience that no reasonable person could believe it." *Id.* (quoting *Edwards v. State*, 753 N.E.2d at 622)).

[9] Walker's testimony in the instant case was unequivocal and not inherently contradictory. He consistently testified that Kennedy *and* her mother physically attacked him on the bus, and his account was not contrary to human experience. Further, the minor inconsistencies between his trial testimony and his statement to police did not render his trial testimony incredibly dubious. *See Stephenson v. State*, 742 N.E.2d 463 (Ind. 2001). The incredible dubiosity rule is not applicable here.

[10] The trial court was presented with conflicting accounts regarding Kennedy's involvement in the attack, and the court indicated it believed Walker. This was the trial court's prerogative, and we reject the invitation to reweigh the evidence and judge witness credibility. *See Maxwell v. State*, 731 N.E.2d 459, 462 (Ind. Ct. App. 2000) ("[i]t is the function of the trier of fact to resolve conflicts in testimony, and to determine the weight of the evidence and the credibility of the witnesses"), *trans. denied*. Kennedy's conviction was supported by sufficient evidence.

[11] Judgment affirmed.

Riley, J., and Brown, J., concur.